FIGUEROA, PLAINTIFF AND APPELLANT, v. DÍAZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in an action for recognition as acknowledged natural child.

No. 1096.—Decided April 16, 1914.

NATURAL CHILD—ACTION FOR ACKNOWLEDGMENT—PRESCRIPTION.—The complaint shows that the plaintiff was born in 1873 or 1874 and that her putative father died in the year 1906, when the present Civil Code was in force, section 199 of which provides that an action to claim filiation may be filed at any time within two years after the child becomes of age. The complaint was filed on July 8, 1913, and therefore the action had prescribed pursuant to the provisions of Rule 4 of the Temporary Provisions of the Civil Code and section 1840 of the code.

ID. — ACTION FOR ACKNOWLEDGMENT — DECLARATION OF STATUS AS NATURAL CHILD.—An action brought under the title of declaration of the plaintiff's status as an acknowledged natural child is in reality an action for acknowledgment to secure a decree declaratory of said acknowledgment, notwithstanding the .fact that the complaint contains allegations that a solemn and authentic acknowledgment had been made.

ID.—PRESCRIPTION—ACTION FOR ACKNOWLEDGMENT.—The terms of prescription provided for by section 199 of the Revised Civil Code are applicable to the case because it is an action for the acknowledgment of a natural child; however, if the plaintiff already had in her favor an acknowledgment made in a solemn and authentic manner at the time she brought the action, she may claim such rights as that confers upon her.

The facts are stated in the opinion.

*Mr. Jacinto Texidor* for the appellant.

*Mr. José Martínez Dávila* for the respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 8, 1913, Ramona del Carmen Figueroa filed a complaint against Teresa and Encarnación Díaz in the District Court for the Judicial District of San Juan, Section 1, praying that judgment be rendered in her favor at the proper time declaring her to be the natural daughter of Pablo

Figueroa, that she was acknowledged expressly as such natural daughter by him and also that she has always possessed the status of natural daughter of Pablo Figueroa, having been admitted and acknowledged as such both by Figueroa and by the defendants, and praying further that the costs of the action be imposed upon the defendants.

The defendants demurred to the said complaint on the grounds that the facts alleged do not constitute a cause of action and that the action had prescribed pursuant to sections 199 and 1840 of the Revised Civil Code.

By its judgment of December 22, 1913, the court sustained the demurrer on the ground that the action had prescribed and dismissed the complaint with costs against the plaintiff, whose attorney appealed to this court.

As grounds for her appeal the appellant alleges that the court erred in applying the provisions of section 199 of the Civil Code to the case, because it is not properly an action for acknowledgment but an action to obtain a decree declaratory of the acknowledgment already made by her father that the plaintiff was his natural daughter, and that besides said court disregarded the allegations of the complaint to the effect that Pablo Figueroa expressly acknowledged his daughter in official documents, for which reason the said action is not subject to prescription.

The facts alleged by the plaintiff in the present case as constituting a cause of action are the following:

*First.* That during the years 1873 and 1874 Pablo Figueroa sustained illicit relations with Juana Canales, both being single and there being no legal impediment to their contracting matrimony, and that as a result of such relations, which were continued for a long time, the plaintiff was born.

*Second.* That the plaintiff was acknowledged expressly by Pablo Figueroa as his natural child in the baptismal ceremony which took place on February 16, 1874.

*Third.* That during all his life Figueroa regarded the plaintiff as his natural daughter, always spoke of her as his

daughter and supplied her with all such necessaries as food, shelter, clothing, medical attendance and education.

*Fourth.* That the plaintiff enjoyed the status of natural daughter of Pablo Figueroa, not only by reason of the aforesaid acts, but also because she was recognized as such by the relatives of Figueroa including his sisters, Teresa and Encarnación Díaz, the present defendants, who called the plaintiff their niece both before and after the death of Figueroa.

*Fifth.* That when the plaintiff contracted marriage on April 5, 1893, Pablo Figueroa acknowledged her as his natural daughter in a document addressed to the judicial authorities based on his rights as such natural father, and on the same day, when her marriage was celebrated, Figueroa, as the natural father of the contracting party, gave his consent to the marriage, which marriage was duly recorded in the civil registry.

*Sixth.* That Pablo Figueroa died in 1908, unmarried, leaving no other descendant than the plaintiff.

*Seventh.* That in the year 1910 defendants Teresa and Encarnación Díaz again expressly acknowledged the plaintiff's status as natural daughter of Figueroa in an official document addressed to the Board of Settlement of Land Claims in Cataño.

*Eighth.* That, subsequently, with the object of acquiring the ownership of the estate left by their brother, Pablo Figueroa, the defendants have attempted to deny the acknowledgment of the status of the plaintiff as his natural daughter.

*Ninth.* That the plaintiff has urged upon the defendants the acknowledgment of her status as natural child made by Pablo Figueroa, and in judicial proceedings in the District Court of San Juan she has invoked anew her said status in order to oppose claims set up by the present defendants, although said proceedings were not expressly an action of filiation or an action for a declaration of acknowledgment.

From the foregoing facts it results that Ramona del Car-

men Figueroa was born in 1873 or 1874 and that her putative father, Pablo Figueroa, died in the year 1908, when the present Civil Code was in force and effect, section 199 of which provides that an action to claim filiation may be filed at any time within two years after the child becomes of age. The plaintiff filed her complaint on July 8, 1913, and therefore her action had prescribed, pursuant to the provisions of Rule 4 of the Temporary Provisions of the Civil Code and section 1840 of the same code. *Jesús* v. *Succession of Pérez Villamil*, 18 P. R. R., 403.

The errors assigned by the appellant in her brief have not been committed.

In this case the action is properly one for acknowledgment whatever may be the wording of the prayer of the complaint, for we have held repeatedly that neither the prayer of the complaint nor the title of the action necessarily determines the nature of the cause of action, but that this must be determined by the facts on which it is based.

If the object of the complaint had been to obtain a judicial decree to the effect that her status as a natural child had already been acknowledged in a solemn and authentic manner, it would not have been necessary for the plaintiff to set up in her complaint more than a simple reference to the acknowledgment made in the manner stated, aside from the fact that if there had been a solemn and authentic acknowledgment, the decree prayed for in the complaint would be superfluous. A decree of filiation is necessary when the status of a natural child is not shown by an acknowledgment made in a solemn and authentic manner and its purpose is to enable the acknowledged natural child to show his status as such. *Amsterdam et al.* v. *Puente et al.*, 16 P. R. R., 527; *Puente et al.* v. *Puente et al.*, 16 P. R. R. 556; *Rijos* v. *Folgueras et al.*, 16 P. R. R., 593; *Peñagaricano* v. *Peñagaricano et al.*, 19 P. R. R., 472.

Let us now see whether the second, fifth and seventh allegations of the complaint to the effect that an acknowledg-

ment of the filiation of the plaintiff had been made in official documents bar the plea of prescription set up in the demurrer.

We think not. The bringing of an action for acknowledgment as a natural child puts the said acknowledgment in issue and, therefore, whatever may be the fundamental facts alleged in the complaint, a demurrer may be filed on the ground of prescription, it being understood that although the demurrer be sustained, if the plaintiff has in her favor an express acknowledgment of her status as the natural daughter of Pablo Figueroa, made in a solemn and authentic manner, she will not be prevented from using the same in the exercise of all the rights which the law confers upon natural children. If in claiming said rights such status of natural daughter should be denied, she can sustain the same by confronting the denial with the evidence of her solemn and authentic acknowledgment.

The judgment should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.